IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL ANTHONY DUDLEY, JR., #197868, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CASE NO. 2:20-cv-613-MHT-JTA<br>) |
| PATRICE RICHIE JONES, | )<br>)<br>) |
| Defendant. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff Michael Anthony Dudley, Jr. filed this *pro se* 42 U.S.C. § 1983 action in 2020. (*See* Doc. No. 1.) Soon thereafter, Defendant filed an Answer and Special Report, as well as supporting evidentiary materials, denying Plaintiff's claims. (Doc. No. 17.) Accordingly, on May 17, 2021, the Court issued an Order directing Plaintiff to respond to Defendant's materials on or before June 7, 2021. (Doc. No. 25.) Plaintiff subsequently moved for numerous extensions (Docs. No. 26, 29, 38), which the Court granted (Docs. No. 27, 30, 37, 39, 41, 46, 50), extending the response deadline to December 2021—more than six months after the initial deadline. The Court specifically cautioned Plaintiff that, if he failed to file a response, the Court would treat that failure as an abandonment of the Complaint and a failure to prosecute this action, and the undersigned Magistrate Judge would recommend dismissal of this case. (Doc. No. 25 at 1.) However, more than a year has passed since the extended deadline, and Plaintiff has failed to file a response as directed.

Because Plaintiff has failed to comply with Court orders from more than a year ago, the undersigned concludes this case should be dismissed without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion") (citations omitted). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* It further empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31. In this instance, where Plaintiff failed to comply despite the Court's clear admonition and countless extensions, the undersigned finds that sanctions lesser than dismissal would not suffice. *See Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989).

Accordingly, based on the foregoing, the undersigned RECOMMENDS this case be DISMISSED without prejudice.

It is further ORDERED that, by **March 6, 2023**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard, Ala.*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 17th day of February, 2023.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE